THE DEVEAUX POWELL.

THE LACKAWANNA.

(Circuit Court of Appeals, Second Circuit. November 16, 1908.)

Nos. 28, 29.

COLLISION (§ 38*)—STEAM VESSELS CROSSING—DUTY OF PRIVILEGED VESSEL.
  The privileged one of two crossing steam vessels has a right to rely on the performance by the other of her duty to keep out of the way so long as it is possible for her to do so, and such privileged vessel is not in fault for a collision caused by a failure in such duty, merely because she kept her course and speed notwithstanding the failure of the burdened vessel to answer her signals.

  [Ed. Note.—For other cases, see Collision, Cent. Dig. §§ 37, 38; Dec. Dig. § 38.*]

Appeals from the District Court of the United States for the Eastern District of New York.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

This cause comes here upon appeal from a decree holding steam tug and ferryboat both in fault for a collision between said vessels in the Hudson river. The opinion below is reported in 120 Fed. 522. The ferryboat is the sole appellant.

De Laguel Berier and James J. Macklin, for appellant.

Wallace, Butler & Brown, for appellee.

Before LACOMBE, COXE, and NOYES, Circuit Judges.

PER CURIAM. The collision took place on July 18, 1899, a few minutes before 6 a. m. The ferryboat was bound from her slip at Fourteenth street, New York, to her slip at Fourteenth street, Hoboken, which lies about opposite Twenty-Third street, New York. The tug, with an empty barge in tow, was coming up the river about 1,000 feet off shore. It is not necessary to detail the manœuvers of the vessels. They are set forth in the opinion of the District Judge. The fundamental question in the case is which vessel was privileged. The District Judge found that they were on crossing courses and that the starboard hand rule applied. For the tug it is contended that the ferryboat was an overtaking vessel and that after straightening up the river she paralleled the tug's course, until at Twenty-First street she circled around the latter's bow, whereupon the collision occurred. Of this contention the District Judge says:

"This statement is incredible, and illustrates the culpable inattention of the Powell's pilot."

There is some conflict of testimony as to the relative positions of the vessels at different times; but we are not satisfied that the ferryboat was abaft the beam of the tug when she laid her course for her Hoboken slip, and see no reason to reverse the finding of the District Judge, who heard most of the important witnesses on this point. As the burdened vessel, having the ferry boat on her starboard hand, it was the duty of the tug to keep out of the way, which she certainly failed to do, running into the port quarter of the Lackawanna about 60 feet from the stern.

In imputing contributing fault to the ferryboat the District Judge said:

"[The] situation must have appeared plain to the pilot of the Lackawanna. He twice claimed the right of way and understood that it was not accorded. He knew of the continued inattention or misapprehension of the pilot of the tug, as the vessels converged over a considerable distance on crossing courses, and yet kept on his way to the menaced collision. This cannot be excused in view of any explanation given, and it follows that the costs and damages must be divided."

The case at bar was disposed of before the decisions of this court were rendered in The Chicago, 125 Fed. 712, 60 C. C. A. 480, and The Cygnus, 142 Fed. 88, 73 C. C. A. 309. Had it been tried after those decisions, it may be presumed that the Lackawanna would not have been held at fault. Her pilot did not know that the tug had no lookout, nor that the tug's master was unobservant of the movements of the ferryboat. All that he knew was that the tug had twice failed to answer his signals and that the vessels were approaching

on crossing courses; but it was the first of the ebb, and a stopping or a slackening by the tug or a trifling change of her helm to port would have set her in safety under the stern of the ferryboat. We think the case is substantially the same as that presented in those two causes, and that the Lackawanna should not be held in fault.

Decree is reversed as to Lackawanna, with costs of this appeal, and cause remanded, with instructions to decree in conformity with this opinion.